IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 26, 2012

## IN RE: HAILY A. S.

**Appeal from the Chancery Court for Putnam County**
**No. 201119A      John Maddux, Judge**

**No. M2011-02760-COA-R3-CV - Filed July 30, 2012**

Mary G. ("Foster Mother") filed a petition in the Chancery Court for Putnam County ("the Trial Court") to adopt Haily A. S. ("the Child")[1], then under the guardianship of the Tennessee Department of Children's Services ("DCS"). The Child's paternal grandparents, Marvin S. and Sandra S. ("the Grandparents"), filed an intervening petition to adopt the Child and shortly thereafter filed a motion to intervene. DCS filed a motion to dismiss the Grandparents' petition. After a hearing at which the parties' respective counsels made their arguments, the Trial Court granted DCS's motion to dismiss the intervening petition for adoption. The Grandparents appeal, arguing that the Trial Court should have permitted them to present evidence on the issue of the Child's best interest. We hold that because DCS, the Child's guardian, did not consent to the Grandparents' adoption of the Child, the Grandparents' intervening petition properly was dismissed. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Jason F. Hicks, Cookeville, Tennessee, for the appellants, Marvin S. and Sandra S.

Robert E. Cooper, Jr., Attorney General and Reporter; and, Alexander S. Rieger, Assistant Attorney General; for the appellee, the Tennessee Department of Children's Services.

---

[1]Foster Mother also sought to adopt the Child's half-sister. Only the Child is at issue in this appeal, and our focus accordingly is confined to her.

# OPINION

## Background

The Child's father died in 2010. In May 2011, Foster Mother filed a petition to adopt the Child in the Trial Court. In her petition, Foster Mother alleged that DCS had the parental rights of the Child's mother terminated in 2011. The Child then entered the guardianship of DCS. Foster Mother also alleged that she had obtained physical custody of the Child, that a home study had been conducted of her by DCS, and that she desired a parental relationship with the Child.

In June 2011, the Grandparents filed an intervening petition to adopt the Child. The Grandparents alleged that it was in the Child's best interest that they adopt her. Also in June 2011, the Grandparents, relying on Rule 24 of the Tennessee Rules of Civil Procedure, filed a motion to intervene in Foster Mother's adoption petition. The Grandparents sought to present evidence on the Child's best interest and the relative fitness of Foster Mother's home. DCS filed a motion to dismiss the intervening petition. DCS argued that the Grandparents had no basis for an intervention and that they had not demonstrated that adoption of the Child by Foster Mother was contrary to the Child's welfare.

In December 2011, following a hearing at which the opposing sides' respective counsels made arguments, the Trial Court entered its order granting DCS's motion to dismiss, stating:

> This matter came to be heard on the 3rd day of November 2011, before the Honorable John Maddux, Judge of the Circuit Court of Putnam County, Tennessee, sitting by interchange for the Chancellor of the Chancery Court of Putnam County, Tennessee for a hearing on the Tennessee Department of Children's Services' Motion to Dismiss the Intervening Petition for Adoption of a Related Child.
>
> Upon the argument of counsel and the record as a whole, the Court finds that the Motion is well taken and should be granted based upon the following findings of fact. The child who is the subject of the Intervening Petition, [Haily A. S.], is in the full guardianship of the Department of Children's Services. The Department does not consenting [sic] to the adoption of [Haily A. S.] by Intervening Petitioners, [Marvin S.] and [Sandra S.]. Tenn. Code Ann. § 36-1-113 applies to guardianship rights unless relinquished. The Department is not voluntarily relinquishing its guardianship rights to the Intervening Petitioners. The Intervening Petitioners do not have custody of the

child and have not sought to terminate the Department's guardianship rights.

It is therefore **ORDERED** that the Intervening Petition for Adoption of a Related Child filed by [Marvin S.] and [Sandra S.] on June 3, 2011 is dismissed.

The Grandparents appeal.

## Discussion

We restate the issues that the Grandparents raise on appeal as follows: whether the Trial Court erred in granting DCS's motion to dismiss the Grandparents' intervening petition for adoption of the Child.

Our Supreme Court addressed intervening petitions for adoption in the opinion of *In re: Sidney J.*, 313 S.W.3d 772 (Tenn. 2010), an opinion neither party cites, perhaps because of factual differences in that case and the case now before us. In *In re: Sidney J.*, a father killed the mother of his child. *Id*. at 773. After the father was taken into custody, the child entered the temporary custody of her maternal grandparents, who later petitioned to adopt the child. *Id*. The child's paternal grandparents filed an intervening petition to adopt the child. *Id*. The trial court applied a comparative fitness analysis and allowed the paternal grandparents to adopt the child. *Id*. at 774. This Court reversed the trial court on appeal, holding that the paternal grandparents could not file an intervening petition as they lacked physical custody of the child. *Id*. The Supreme Court reversed this Court, holding that Tenn. Code Ann. § 36-1-116(f)(1) contained an exception to the physical custody requirement for petitioners who filed an intervening petition and when the child "to be adopted is in the physical custody of the original petitioners." *Id*. at 773. The Supreme Court reinstated the result of the trial court in its entirety, allowing the paternal grandparents to adopt the child. *Id*.

Thus, according to *In re: Sidney J.*, at first blush it would appear that when confronted with competing petitions to adopt, a comparative fitness analysis should be applied to determine which petitioners should adopt the child, subject to that child's best interest. However, a recent opinion from this Court is more in line with the facts of the instant appeal. In *In re: Don Juan J.H., et al.*, No. E2010-01799-COA-R3-JV, 2011 WL 8201843, at *1 (Tenn. Ct. App. September 7, 2011), *no appl. perm. appeal filed*, DCS and petitioners shared guardianship of the minor child at issue. Intervening petitioners attempted to prevent the original petitioners from completing the adoption. *Id*. at *1. After an adoption hearing, the trial court dismissed the intervening petition and granted petitioners the adoption. *Id*. at *2. In affirming the trial court, this Court held that the intervening

petitioners were not entitled to a comparative fitness analysis. *Id*. at *3. Neither DCS nor the original petitioners, the legal guardians of the child, consented to an adoption by the intervening petitioners, nor did the intervening petitioners seek to terminate the existing guardianship. *Id*.

In the instant case, the Child was under the guardianship of DCS. Unlike in *In re: Sidney J.*, the Child is not in a temporary custody situation. Rather, as in *In re: Don Juan J.H.*, the Child is under a guardianship regime, here with DCS having full guardianship rights. Tenn. Code Ann. § 36-1-113 (2010), the statute regarding termination of parental rights, states that it pertains to the termination of guardianship rights as well. The Grandparents have not had DCS's guardianship rights to the Child terminated, nor have they even attempted to do so. Instead, the Grandparents have argued that they should be able to present evidence regarding the Child's best interest. Respectfully, such an enterprise is not warranted under the law, as DCS, with its guardianship of the Child, has the right to proceed with placing the child for adoption, and it specifically did not consent to an adoption of the Child by the Grandparents.

The Grandparents cite law regarding intervention that is purportedly favorable to their alleged right to intervene:

> The watchword of all courts in such things as adoptions and custody of children is the welfare of the child. We do not perceive that any court would deny a grandparent, or even a stranger, to intervene in a proceeding if the welfare of the child required it. By the same token, we see no compelling reason for them to be permitted to intervene just for the sake of being a party to the proceedings.

*In re: Adoption of Taylor*, 678 S.W.2d 69, 72 (Tenn. Ct. App. 1984). We certainly agree with our previous assertion that "[t]he watchword of all courts in such things as adoptions and custody of children is the welfare of the child." *Id*. There is, however, nothing in the record before us that even suggests the Child's welfare *requires* permitting the Grandparents to intervene.

The Grandparents do not have an unconditional right to intervene, and we are apprised of no governing law to the contrary. Regarding intervention as of right, the rules provide:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the

subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

Tenn. R. Civ. P. 24.01.

Regarding permissive intervention, the rules provide:

Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tenn. R. Civ. P. 24.02.

At best, the Grandparents could seek to intervene under Rule 24.02 of the Tennessee Rules of Civil Procedure, subject to the Trial Court's discretion. The Trial Court dismissed the Grandparents' petition. We conclude that the Trial Court did not err in so doing.

In summary, the Child was under DCS guardianship, and DCS had the right to place the child for adoption. The Grandparents have not sought to terminate DCS's guardianship rights, and DCS does not consent to an adoption of the Child by the Grandparents. In keeping with the rationale of our previous opinion, *In re: Don Juan J.H.*, and as distinguished from the facts of *In re: Sidney J.*, we hold that the Grandparents were not entitled to intervene in this matter, and their intervening petition properly was dismissed. The judgment of the Trial Court is affirmed.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Marvin S. and Sandra S., and their surety, if any.

_____
D. MICHAEL SWINEY, JUDGE